C. CEDAR COVE, INCORPORATED, A NEW JERSEY COR-
PORATION, PLAINTIFF, v. MICHAEL STAUB ET AL.,
EXECUTORS OF THE LAST WILL AND TESTAMENT
OF PETER M. STAUB, DECEASED, AND ANGELINA
PIZZIMENTI, AS LEGATEE, HEIR AND DEVISEE
THEREUNDER, DEFENDANTS.

Decided August 7, 1931.

LAWRENCE, S. C. C. This is a motion made in behalf of
the defendant Angelina Pizzimenti to strike counts two and
three of the complaint filed in this suit, on the ground that
they do not set forth a cause of action; that she cannot be
held for the full amount of the debt pleaded; and that the
matter set up is not within the purview of the statutes other-
wise applicable.

Briefly stated plaintiff corporation seeks to recover of the
named defendant a deficiency on a bond secured by a mort-
gage, alleging her to be a legatee and devisee under the
will of Peter M. Staub, which bond and mortgage had been
executed to plaintiff by Mr. Staub in his lifetime. It was
later foreclosed in the Court of Chancery, and after the sale
of the property covered, a deficiency of $18,438.49 in the debt
resulted. It is this sum, with interest and costs, which
plaintiff claims the right to recover of the defendant in
question, claiming that she has received as a legatee under
the will a share of the personal estate more than adequate
to pay the debt, and as a devisee of certain described lands
and real estate likewise under the will. These matters are
set forth in the second and third counts of the complaint.

It is argued that both counts claim more than plaintiff
would be entitled to recover and that both are accordingly

bad and should be stricken. The point is also made that the complaint discloses that there are two other legatees and heirs of the estate who have not been made parties to the suit, but who have received distributive shares and are beneficially interested as devisees and who would be equally liable for the debt in question, if it be established. That they should be regarded as necessary parties to the suit is doubtless true (see 18 *C. J.* 959, §§ 315, *et seq.,* citing *St. Mary's Protestant Episcopal Church* v. *Wallace,* 10 *N. J. L.* 311), but it does not follow that the criticised counts of the complaint should be stricken for that reason, or indeed the other reasons argued, in view of the power of amendment under the Practice act of 1912.

That the defendant legatee and devisee, in one or the other aspects of her relation to the estate, should not be required to respond for the entire debt deficiency out of her share or interest and then pursue the others who also have received shares or become entitled to interests for their *pro rata* seems clear. There appears to be no adequate reason in the circumstances why the other legatees and devisees should not be brought in, to the end that the issues raised may be completely and finally disposed of in the present litigation. Whether any of them are legally liable for the debt in question should be determined in the present suit.

In disposing of the motion, it may be said that the pleader has stated a cause of action in both counts of the complaint to which it is addressed, with the exception that it would appear that the present defendant is not liable for the entire amount sought to be recovered, but that her co-legatees and devisees are equally so with her, assuming the debt involved be properly proven at the trial. The motion to strike will be denied, but it is directed that the counts be amended by adding the names of the omitted legatees and devisees; that the amended complaint with a proper summons be served upon them, and that the present defendant be not required to answer until such amendment be made, in which event she may have fifteen days from the date of service thereof, to the end that all the parties in interest may be brought in, and the issues raised fully tried out.